IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARELLYN A. ROGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-05077-CV-SW-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Darellyn Rogler seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Rogler alleges she became disabled as of May 1, 2006, and has been unable to engage in substantial gainful employment since that time. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

1

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

**Discussion**

To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's severe impairments, including degenerative disc disease, degenerative joint disease of the lumbar

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

spine with mild scoliosis, depressive disorder, anxiety disorder, and an anterior labral tear of the right shoulder, Plaintiff was not disabled.  Plaintiff argues that the ALJ's rejection of the medical opinions of multiple treating physicians is not supported by substantial evidence in the record as a whole.

**A. The ALJ's evaluation of medical opinion evidence is supported by substantial evidence of record.**

Plaintiff argues that the ALJ erred in rejecting the "expert medical opinions" of multiple treating physicians, including Drs. Sandidge and Shah, Nurse Practitioner Vandergift, and Counselors Coffey-Miller and Baker.  Plaintiff maintains that evidence from a treating source must be given "great weight" or "substantial weight" and that the ALJ improperly discredited the opinions of these treating sources instead relying on the opinions of a one-time consultative examiner and a non-examining medical consultant.  The Court believes the evidence in this case weighs strongly in favor of both sides.  However, the Court finds that the ALJ evaluated the record as a whole, identified inconsistencies in these medical opinions, and properly reached a determination based on substantial evidence in the record.

Under the Social Security Administration regulations, the opinions of treating physicians are entitled to substantial weight.  *Miller v. Shalala*, 8 F.3d 611, 618 (8th Cir. 1993).  While a well-supported treating physician's opinion is entitled to substantial weight, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).  An ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).  In determining how much weight to accord a physician's opinion, the ALJ must take into

3

account a variety of considerations: the physician's treatment relationship with the claimant, including the length of treatment and frequency of examination; whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions; and whether the physician's specialty gives her greater credibility. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Courts must review the ALJ's evaluation of these factors to see if the ALJ's determination is supported by substantial evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).

As a preliminary matter, Plaintiff argues that the ALJ should have asked for additional documentation regarding records he found deficient. Plaintiff points to the Commissioner's regulations as support for this assertion: "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1512 (e)(1).

Plaintiff is correct in asserting that the ALJ may need to contact a treating physician if the physician's records are inadequate, especially in cases where the evidence contains a "conflict or ambiguity," "lacks necessary information," or is not based on "medically acceptable" techniques. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005). However, the Eight Circuit has held that the ALJ is not required to contact every treating source each time he rejects that source's opinion. *Id*. Specifically, the ALJ is not required to contact a source where he finds the source "inherently contradictory" or "unreliable." *Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir. 2006).

4

### 1. Dr. Sandidge; M.D.

Plaintiff argues that the ALJ improperly assigned "little weight" to the opinion of Dr. Sandidge, of the Ozark Medical Clinic, who indicated in a letter in 2009 that Plaintiff is unable to work "at the present time." R. at 292. Dr. Sandidge also noted that Plaintiff would be unable to sit for any "long period of time" due to her moderate osteoarthritis with disk degeneration. R. at 292. Plaintiff maintains that the ALJ should have given more deference to Dr. Sandidge's determination that Plaintiff was disabled.

The ALJ acknowledged the findings of Dr. Sandidge, but still found three reasons for disagreeing with Dr. Sandidge's ultimate opinion. First, Dr. Sandidge was new to treating Plaintiff at the time the letter was written. In fact, Dr. Sandidge made the finding that Plaintiff was unable to work the first time he ever treated Plaintiff. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004). While Plaintiff claims that the ALJ should have assigned greater weight to Dr. Sandidge's opinion because he oversaw other treating staff who had worked with Plaintiff, she provides no evidence of Dr. Sandidge's involvement with her treatment prior to August 2009. Thus, the ALJ was not required to assume that Dr. Sandidge had knowledge of Plaintiff's condition. *Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir. 2006).

Second, Dr. Sandidge provided no medical support for his opinion beyond mere conclusory observations. In his letter stating that Plaintiff was unable to work, for example, Dr. Sandidge stated only that Plaintiff could not work "due to moderate Osteoarthrities with disk degeneration" (Doc. 292). He provided no accompanying treatment notes or examination findings to support this conclusion. Finally, the ALJ properly accorded no weight to Dr. Sandidge's determination that Plaintiff was disabled. Disability under the Act is an issue reserved to the Commissioner; therefore a doctor's unexplained determination that a Plaintiff is

5

Case 3:10-cv-05077-DGK   Document 21   Filed 10/17/11   Page 5 of 8

disabled, when not accompanied by evidence, is entitled to no deference. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). Accordingly, the Court finds that the ALJ thoroughly considered Dr. Sandidge's opinion and properly articulated reasons supporting the determination that the opinion was entitled to little weight.

### 2. Ms. Vandergrift; Nurse Practitioner

The ALJ's determination that Nurse Practitioner Vandergrift's opinion was not entitled to significant weight is also supported by substantial evidence on the record. Plaintiff argues that the ALJ should have assigned greater weight to Nurse Practitioner Vandergrift, who was Plaintiff's primary care provider at the Ozark Medical Clinic. Ms. Vandergrift diagnosed Plaintiff with scoliosis, chronic back pain, degenerative joint disease, depression, and carpal tunnel syndrome. R. at 262, 272, 277. She also concluded that Plaintiff was capable of handling only low stress levels, could walk no more than one half of a block at time, and could rarely lift ten pounds. R. at 263, 271, 277.

Ms. Vandergrift's opinions, however, were internally inconsistent and lacked support from both her own treatment notes and other medical evidence. For example, Ms. Vandergrift noted that Plaintiff could sit, stand, or walk for only four hours per day and that she must lie down for approximately one hour per day. This, however, leaves eighteen hours remaining in the day. In addition, Ms. Vandergrift provided no evidence supporting her limiting opinion that Plaintiff was essentially unable to walk or lift.

Other medical evidence also failed to support Ms. Vandergrift's opinion. Dr. Behm, a specialist to whom Ms. Vandergrift sent Plaintiff, opined that Plaintiff walked "well" and had full and normal strength. R. at 353. Likewise, consultative examiner Dr. Morgan observed that Plaintiff had normal strength, gait, and range of motion. R. at 290. Neither Dr. Behm nor Dr.

6

Morgan believed that Plaintiff needed surgery to correct any of her ailments. Thus, the ALJ properly rejected Ms. Vandergrift's opinion, based on her status as a nurse practitioner and the inconsistencies and lack of support for her position.

### 3. Dr. Shah, Ms. Coffey-Miller, and Ms. Baker; Mental Health Professionals

The ALJ's treatment of the opinions of Plaintiff's mental health professionals is also supported by substantial evidence on the record. Dr. Shah, Plaintiff's treating psychiatrist at the Ozark Center, completed a Medical Source Statement Form on two separate occasions noting moderate and marked limitations in certain categories of functioning, including ability to maintain attention and concentration for extended periods, ability to perform activities within a schedule, ability to maintain regular attendance, and ability to sustain an ordinary routine without special supervision. R. at 300. Ms. Baker and Ms. Coffey-Miller verified that Plaintiff's medical impairments had already lasted or were expected to last for at least twelve months or longer and that Plaintiff was not a malingerer. R. at 253-55, 305. Plaintiff argues that the ALJ did not cite any examples of how mental health records contradict the findings of these three individuals.

The Court finds this argument without merit. In 2008, for example, Dr. Shah signed a report showing that Plaintiff "could concentrate well enough while reading," "appear[ed] oriented to time, place, and person," and was "able to recall three of three objects named after three minutes." R. at 367. The report also indicated that she maintained good eye contact and answered questions confidently, thus suggesting that she would not have trouble interacting socially in a workplace. *Id*. Plaintiff's other mental health findings support the ALJ's determination. In July 2007, for example, Plaintiff told Dr. Brooks that she did not have any psychological difficulty in the past or present and that she had never needed to seek mental

7

health care. R. at 208. Dr. Brooks's examination confirmed this, finding that Plaintiff had normal intelligence, memory, judgment, and logical thought patterns. *Id*. Overall, the ALJ's determination that Plaintiff's treatment records fail to confirm that she had difficulty concentrating or functioning socially is supported by substantial record evidence.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: October 17, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT